IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REGINA AMADOR *et al.*, <br> *Plaintiffs* <br><br> -vs- <br><br> UNITED STATES OF AMERICA, <br> *Defendant* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | SA-18-CV-01151-XR |

## ORDER

On this date, the Court considered Plaintiff Regina Amador's Bill of Costs (ECF No. 13) and Defendant the United States' ("the Government") objections thereto (ECF No. 14).

As the prevailing party, Plaintiff seeks $29,396.46 in costs pursuant to Federal Rule of Civil Procedure 54(d). *See* ECF No. 13 (requesting $37,695.47 in costs); ECF No. 14 (withdrawing $8,299.01 in costs). Rule 54(d) provides that costs "shall be allowed as of course to the prevailing party." Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Federal Rule of Civil Procedure 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Id.* Section 1920 provides,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### A. Fees of the Clerk

Plaintiff seeks an award of $400.00 for fees of the clerk. ECF No. 13. The Government does not object to this request. ECF No. 14 at 1. The Court thus awards $400.00 for the fees of the clerk.

### B. Docket Fees

Plaintiff seeks an award of $20.00 for docket fees under 28 U.S.C. § 1923. Under section 1923, "Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases . . . ." The Government does not object to such an award. ECF No. 14 at 1. The Court thus awards $20.00 for docket fees.

### C. Exemplification and Photocopying

Finally, Plaintiff seeks an award for $28,976.46 for fees for exemplification and the costs of making copies. *See* ECF No. 14. The Government has no objection to $7,419.60 of such costs, but objects to the remainder. *Id.* at 1–2. The Government contends that Plaintiff has not shown "any connection between [the contested] trial binders, their voluminous copies, their trial boards, and the trial itself[.]" *Id.* at 6.

"Before the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation." *Holmes v. Cessna*

*Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The party seeking such costs "must offer some proof of the necessity." *Id.* (citing *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1994)). While the party seeking costs need not "identify every xerox copy made for use in the course of legal proceedings," it must demonstrate "that reproduction costs necessarily result from [the] litigation." *Fogleman*, 920 F.2d at 286.

Other than providing invoices, Plaintiff provides no description indicating the substance and purpose of the copies. Merely providing invoices is not sufficient to show that the copies were "necessarily obtained for use in the litigation." *See Abraham v. Cavender Boerne Acquisition of Tex.*, No. SA-10-CV-0453-XR, 2012 WL 2089732, at *2 (W.D. Tex. June 8, 2012) (declining to award costs for copies where the prevailing party only provided the Court with invoices). Further, the Court notes, Plaintiff did not present 79,231 pages of evidence in the liability and damages trials. *See* ECF No. 13-1 at 11–34. As such, the Court cannot distinguish between copies that were necessarily obtained for use in the case and those obtained merely for convenience of counsel. *See Fogleman*, 920 F.2d at 286. Plaintiff has failed to meet her burden, and the Court will award only the uncontested amount of $7,419.60 as costs for copies and exemplification.

## CONCLUSION

The Clerk is **ORDERED** to tax **$7,839.60** as costs against Defendant and include such costs in the Judgment in the above-captioned case as follows:

(1) $400.00 for fees of the Clerk.

(2) $20.00 for docket fees under 28 U.S.C. § 1923.

(3) $7,419.60 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

3

It is so **ORDERED**.

**SIGNED** this 12th day of May, 2022.

                              XAVIER RODRIGUEZ
                              UNITED STATES DISTRICT JUDGE